IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MCALPIN, | No. C 11-2939 WHA (PR) |
| Petitioner, | **ORDER DENYING MOTION TO STAY; DIRECTING PETITIONER TO FILE NOTICE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| MCDONALD, Warden, | |
| Respondent. / | (Docket Nos. 1, 6) |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. 2254. The petition sets forth one claim, and it challenges the constitutionality of Petitioner's conviction in state court. Along with his petition he filed a motion for a stay of this case while he exhausts additional claims in the state courts. The motion was denied because petitioner neither identified the claims he wishes to exhaust, shown that they are potentially meritorious, nor shown good cause for his failure to exhaust them prior to arriving in federal court, *see Rhines v. Webber* 544 U.S. 269, 278-79 (2005). Petitioner was given the opportunity to file a renewed motion for a stay that makes the proper showing under *Rhines*. Petitioner has filed a renewed motion for a stay.

In his renewed motion, petitioner identifies two unexhausted claims he wishes to exhaust in the state courts while the instant matter is stayed: (1) that the prosecutor knowing presented perjured testimony; and (2) that the trial court lacked jurisdiction over his criminal proceedings. When liberally construed, these claims are cognizable bases for federal habeas relief, and thus are "potentially meritorious" within the meaning of *Rhines*. *See id.*

Petitioner has not, however, shown "good cause" for his failure to exhaust the claims prior to filing his federal petition. He states that he filed the instant petition approximately one year before he had, and that this demonstrates "his confusion and inability to understand the procedures." A prisoner's pro se status or ignorance of what procedures to follow does not in and of itself constitute good cause. *Cf. See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient to meet cause standard of procedural bar); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (mental condition of pro se petitioner and reliance upon allegedly incompetent jailhouse lawyers did not constitute cause); *cf. also Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under *Rhines* for failure to exhaust claims earlier). Indeed petitioner indicates that he had, and still has, ample time to exhaust his state claims in the state courts before filing his federal petition. Consequently, the renewed motion for a stay (docket number 6) is DENIED.

Within **30 days** of the date this order is filed, petitioner must notify the Court whether he wishes to (1) proceed with this matter based solely on the claim in the petition, or (2) to voluntarily dismiss this case without prejudice with an eye to exhausting and then filing another federal petition at a later date after he has exhausted all of the claims he wishes to raise in federal court. If petitioner fails to file a timely notice, this matter will proceed based solely upon the claim in the petition.

Petitioner's application to proceed in forma pauperis (docket number 1) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October  7  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\MCALPIN2939.STY2.wpd

2